# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Berks _____ **County**

| For Prothonotary Use Only: |
|---|
| Docket No: **21-15609** |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Transfer from Another Jurisdiction
- ☐ Writ of Summons
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Mark A. Williams, Sr.

Lead Defendant's Name:
Loftus Adjustment Company

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested:
(check one)
☐ within arbitration limits
☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: Mark A, Williams, Sr.

☒ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☒ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Ot' Tort Slander/Libel/Defamation 21-15609

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations
  Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

Berks County Prothonotary Office
*5266256 R*    11/5/2021 12:53 PM
COUNTY OF COMMON... SEAL

*Updated 1/1/2011*

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Berks _____ **County**

| For Prothonotary Use Only: |
|---|
| Docket No: 21-15609 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N   A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Mark A. Williams, Sr. | Loftus Adjustment Company |

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No       **Is this an *MDJ Appeal*?** ☐ Yes  ☐ No

Name of Plaintiff/Appellant's Attorney:  Mark A. Williams, Sr.

☒ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N   B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☒ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- _____
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Ot' Tort Slander/Libel/Defamation 21-15609

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- ☐ Zoning Board
- ☐ Other: _____
- _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

Berks County Prothonotary Office



*5266256 R*    11/5/2021   12:53 PM

dated 1/1/2011

Williams, Davis Ritchie LLP
Mark A. Williams, Sr. 6585
P.O. Box 309
Morgantown, Pennsylvania 15943          :
                **Plaintiff**    :
          Vs.         :

:

:

Frank Loftus, and        :
Loftus Adjustment Company   :
One Cherry Hill, Suite 632    :
Cherry Hill, New Jersey 08002   :
Individually, and Separately; and   :

:

Kelly Goblin, Office Manager ARC   :
One Cherry Hill, Suite 632    :
Cherry Hill, New Jersey 08002   :
Individually, and Separately; and   :

:

DOES 1 Through 9       :
            **Defendant.**   :

**IN THE COURT OF COMMON
PLEAS OF BERKS COUNTY**

**DOCKET NO:**

**21-15609**

## NOTICE TO DEFEND

     You have been sued in court. If you wish to defend against the claim set forth in the following pages, you must take action within (20) days after this complaint and notice to defend are served upon you, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

     You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any monies claimed in the complaint or for any other claims or relief requested by the plaintiff. You may lose money or property or other rights important to you.

     **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, TELEPHONE THE OFFICE SET FORTH BELOW TO FIND WHERE YOU CAN GET LEAGL HELP.**

**LAWYER REFERRAL SERVICES**
**Berks County Bar Association**

**544 Court Streets,**                             **Reading, Pa. 19404**
**Telephone No.**                                  **(610) 437-5591**

1

**Williams, Davis Ritchie LLP**
**Mark A. Williams, Sr. 6585**
**P.O. Box 309**
**Morgantown, Pennsylvania 15943**

---

| | |
|---|---|
| Mark A. Williams, Sr.<br>          Plaintiff | : <br> : <br> : <br> : **IN THE COURT OF COMMON** <br> : **PLEAS OF BERKS COUNTY** <br> : <br> : <br> : |
| Vs. | : <br> : |
| | : **Civil Action No:** <br> : |
| Frank Loftus, Individually, and<br>Separately; and | : <br> : **21-15609** <br> : |
| Loftus Adjustment Company<br>Individually, and Separately; and | : <br> : <br> : |
| Kelly Goblin<br>Individually, and Separately; | ; <br> : <br> : |
| DOES 1 through 9<br>          Defendant. | : <br> : **JURY TRIAL DEEMAND** <br> : |
| | : **COMPLAINT FOR DAMAGES AND**<br>  **EQUITABLE RELIEF** |

1) Deformation/Slander/Libel At
   Common Law, and Fraud
2) Return of Personal Property
3) Theft of Property
4) Fraudulent Conversion of
   Personal Property
5) Intentional Inflection to
   Emotional Distress

---

**ORIGINAL COMPLAINT**

2

1) **PARTIES IN THIS COMPLAINT**

2)   Now Come, Mark A. Williams, Sr. (hereinafter referred to as "Williams"), who brings this complaint against **Loftus Adjustment Company** individually, and separately; and DOES 1 through 9.

3)   The Plaintiff, Mark A. Williams, Sr. hereafter known as (Williams) is a resident of the Commonwealth of Pennsylvania and currently is a resident and/or received his mail at Post Office Box 309, Morgantown, PA 19543, Berks County.

4)   ( Williams) is ignorant and/or lacks sufficient knowledge of the true names and capacities of the defendants sued in their last name of Doe and Does 1 through 9, inclusive, and therefore sues the defendants by such fictitious names.

5)   Williams will pray leave of this honorable court to amend this complaint to allege their true names and capacities when ascertained.

6)   Williams is informed and based upon such information believes that each of the defendants named herein were, at all times relevant to this action, the agents, employees, representing partners, or joint ventures of the remaining defendants and were acting within the course and scope of that relationship of that employment.

7)   Williams is further informed and believes, and herein alleges that each of the defendants herein gave consent to, ratify, and authorize the acts alleged herein to each of the remaining defendants.

8)   Defendants Frank Loftus is the Owner/Managing Director of the wholly owned subsidiary of Loftus Adjustment Company, ARC Claims Management, and ARC Claims Management International. Frank Loftus (herein after referred to as "FL") controls all of the goings and comings of these businesses duly organized and/or licensed to sell and service their product and existing under the laws of the New Jersey, and having a principal place of business located at One Cherry Hill, Suite 600/632, Cherry Hill, New Jersey 08002.

3

9)   The defendants, through their express agent, Kelly Goblin ((herein after referred to as "KG"),

     alleged Office Manager, have engaged in extensive and systematic conduct in this district with the

     intended purpose of discriminating and defrauding the plaintiff and others out of their compensation

     and benefits, this thereby created an hostile work environment

10)   The Defendants' conduct constitutes a civil conspiracy to engage in **mail** and **wire** fraud and

      outright slander/libel, and fabrication to the Commonwealth of Pennsylvania Department of Labor.

      The conduct in this district is part of the conduct on which Plaintiffs' claims are based.

11)   Defendants have operated, and continue to operate, an ongoing enterprise which has existed for over a ye

      and they operate the enterprise by a continuous, systematic pattern of racketeering activity which has defraud

      the Plaintiff and/or attempted to defraud the Plaintiff out of his unemployment benefits, workers' compensati

      benefits and/or other individuals in the like and similar situation statewide by **mail** and **wire** fraud and t

      fraud perpetrated against Plaintiffs and others. Loftus Adjustment Company and KG planned and participat

      in this district were substantially identical to the fraud perpetrated on the other victims.

12)   Defendants have **mailed** by U.S. **mail** in or caused to be mailed or wired to the Commonwealth

      Pennsylvania Department of Labor (unemployment compensation) numerous documents in furtherance of t

      fraud, and to steal Plaintiff's personal property.

13)   Defendants were and are engaged in a conspiracy to defraud and each of them is liable for the actions of t

      other as if they themselves had committed the acts. All Defendants were acting as the agents of the others w

      either express or implied authority to so act in furtherance to their common goal to defraud the plaintiff out

      his unemployment benefits and/or workers' compensation benefits. All Defendants benefitted financially the

      from and ratified the acts of the others. Therefore, all Defendants are jointly and severally liable for the actio

      of every other Defendant committed in furtherance of the conspiracy.

4

14) The Defendants, through their express agent, Kelly Goblin, alleged Office Manager, have engaged in extensiv

and systematic conduct in this district with the intended purpose of defrauding the plaintiff out of his

unemployment and/or Worker's Compensation benefit and his personal property.

### a. PARTIES IN THIS COMPLAINT

15) Defendants Frank Loftus is the Owner/Managing Director of the wholly owned subsidiary of Loftus

Adjustment Company, ARC Claims Management, and ARC Claims Management International.

Frank Loftus controls all of the goings and comings of these businesses (herein after referred to as

"FL" duly organized and/or license to sell their service their product and existing under the laws of

the State of New Jersey, and having a principal place of business located at One Cherry Hill, Suite

600/632, Cherry Hill, New Jersey 08002.

16) Defendant Kelly Goblin, (herein after referred to as "KG" ), (alleged Office Manager), is under the

care and control and direction of defendant (FL) and duly organized employment address is One

Cherry Hill, Suite 600/632, Cherry Hill, New Jersey 08002.

### STATEMENT OF JURISDICTION AND VENUE

17) This court has jurisdiction over all causes of action alleged here in pursuant to the Pennsylvania and

New Jersey Civil Codes This court has jurisdiction over the defendants, and each of them, because

the defendants are authorized to do business in the state of Pennsylvania and New Jersey and are

registered with the Secretary of State, does sufficient business in Pennsylvania, and have minimum

contact with Pennsylvanian, and other intentionally availed themselves of the market within

Pennsylvania and New Jersey and throughout the United States, through the promotion sales,

marketing and distribution of its products and service in Pennsylvania, so as to render the exercise of

5

jurisdiction by the Pennsylvania courts is permissible under traditional notice of fair play and

substantial justice. The claims asserted in this action have sufficient connection to justifying the

application of Pennsylvania laws to all claims asserted herein.

18) The defendants Deformation/Slander/Libel was transmitted to the Pennsylvania Department of

Labor, Unemployment Compensation, and Unemployment Compensation Court.

19) **VENUE** In this Honorable Court is sought pursuing to P.R.C. Rule 1006 (3) (F). Venue is proper in

this court because a substantial number of the acts and omissions complained of herein occurred in

these counties (Berks) (Philadelphia) and (Camden) and any substantial number of the acts of

deception, fraudulent conspiracy to defraud activities occurred in this county. By doing business,

each of the defendants have had effects in this County.

## HISTORY OF COMPLAINT

20) Williams was hired by defendant ARC As a full time Claims Representative in October 2018.

21) While employed as a full time Claims Representative, Williams was directly supervised by Ben who

is not a part of this civil action, who reported to Frank Loftus, Owner/Managing Director of ARC,

et.al.;

22) From June 2019 through February 28, 2020, Williams was discriminated against and harassed based

on national origin by coworkers and supervisor. The discrimination and harassment was regular and

routine, and often occurred several times a week.

6

23) From November 2018 through February 2020, similarly-situated current and former ARC employees were also discriminated against and harassed based on national origin by coworkers and supervisor, moreover defendant "KG"

**24)** The defendant "KG" is a recalcitrant bully, defendant "KG" demands any and all employees at defendant "ARC" that others employees within the office at defendant "ARC" follow her instructions; if they did not follow her instructions they would be terminated and/or be forced to resign, this thereby created an hostile work environment

**25)** From at least October 2018 to January 2020, Williams and similarly-situated employees were referred to by coworkers and supervisors as dumb, and the "N" word

**26)** Derogatory and offensive comments continued.

**27)** For example, in or around May 2019, a former teamer member was being released from her position via working on the Roadrunner account "KG" openly related that the employee was crying and begging "KG" to retain her job as she needed desperately, defendant "KG" thought this was very funny and started to outwardly laugh about this employee employment situation in front of the plaintiff

**28)** From June 2019 derogatory and offensive comments were made about the plaintiff, directly in front of the plaintiff, defendant "KG" didn't see the plaintiff standing behind her at the time the statements were made by defendant "KG"

**29)** Derogatory and offensive comments were made i.e. that black people have a shit load of cockroaches working here now

30) Some other specific examples of the discrimination and harassment against Williams include the following; (a) defendant "FL" advised the plaintiff that defendant "EB" husband and brother were on their way with a gun to do bodily harm to plaintiff Williams

31) Plaintiff, Williams was forced to leave his position with the defendant "ARC" based upon the statement made by defendant "FL" in each paragraph

32) Some other specific examples of the harassment against Williams include the following; (a) In approximately June 2019, a coworker informed Williams, that one of the attorney's working on a fatality accident at or near Waco, TX area, openly stated that he prefer not to work along with "N" (this information was recorded)   (b) July 2019 defendant "KG" started demeaning the plaintiff for any all alleged mistakes. (c) Defendant "KG" started deceiving the plaintiff claimant i.e. refusing to pay the individual claims in a timely manner (d) around November 2019, a coworker said to Williams,"All you fuckin Nigger should be tied behind a car and drag around by their fuckin necks." (d) December 2019 defendant (allegedly) openly called Williams a dumb "N" and defendants "FL, KG and". (e) December 2019 called Williams a spic and threatening him physically. (f) During the relevant time period (December 2019) defendant ""FL" informed Williams that defendant the husband and brother of a co-worker intended to do bodily harm to Williams

33) December 2019, Williams made a comment that he was about to look into or peep into his former office, before he was able to complete the sentence, the a former co-worker called Williams a dumb stupid "**NIGGER**"

34) Immediately thereafter a kangaroo court was formed; (a) "FL" acted a judge an executioner, placed Williams on a (3) three day suspension without the benefit of hearing and providing Williams with the alleged allegation filed against him. (b) Williams was directed to leave the office of defendant "ARC" immediately and go over to the Mall and wait for defendant to return at or near 2:PM and wait for "FL"   (c) when defendant "FL" returned to the Mall area, defendant "FL" requested, that Williams provide him with a complete depiction of the aforementioned  circumstance. (d) Williams provided an overview of the foremention incident. (e) defendant "FL" requested that Williams

8

remain at the Mall until he return within an hour, he needed to go over the matter with Human

Resource officer, defendant "FL" returned and advised Williams that all parties agreed that this

incident was over reaction, given to this situation; however, defendant "FL" still placed Williams on

a three (3) day suspension and that Williams was due to return back to work on the following weeks.

35) Williams returned to work on Monday December 9th accordingly. (a) defendant "KG" advised

Williams, he is restricted and/confined to his office on the days that he is due to report to work

36) December 12, 2019 at approximately 5:18PM, Williams received a text from defendant "FL"

informing him that he has been suspended for the third time in the same number of days; Williams

was directed too report to work on Wednesday December 18th 2019.

37) December 18th 2019, Williams reported to work in-office at defendant "ARC" location per his

directive received from defendant "FL"  (a) defendant "KG" stopped past my office room door and

peep into the office/room and advised plaintiff Williams that he should not be there; Williams was

suspended indefinitely  (b) Williams quickly pointed out to defendant "KG" that he was due to

report to work on this date  per defendant "FL" (c) defendant "KG"  advised Williams not he could

not leave his office for any reason other than to  leave for the day. (d) Williams text defendant "FL"

to report the incident to him, however Williams never received a mere a reply from defendant "FL"

38) Williams, became very sick and disarrayed because of the taunting, (a) Williams fellow co-workers

were directed not to have any conversation with Williams during working hours, etc. (it is alleged

that these orders came directly from defendant "KG" (b) even those Williams was an exempt

employee, he was directed to report in when he came into the office in the mornings, (c) Williams

was further required to report the time he left for the day. (d) From June 2019 until February 2020

William's telephone system continuality had a problem with the system directing all call to his

phone and defendant "KG" helled Williams responsible for the phone system from becoming

9

disarray. (e) From June 2019 to February 2020 Defendants "KG" refuse to pay the claimants claims

assigned to this writer in a time manner, which nictitated into individual calling William with

nonpayment complaints, etc.

39) The defendants, "FL", "KG", "Doe 2" repeatedly

40) Some other specific examples of the discrimination, harassment and disparity in treatment against

similarly-situate employees including the plaintiff, the following: (a) in February 2020, a coworker

stated to a similarly-situated employee that he was a "fuckin "N" and that going to call the police

and/or immigration to have him/her to have him/her shipped back to "Haiti:, where there you can

pick fruit and sell them in that shit county by the highway, where you have your call pulled by

horses, "(b) During the relevant time period, a coworker stated to a similarly-situated employee, who

was married to a Black woman, that "while he is working his wife is having multiple sexual

intercourse because those "N" can't keep their legs closed. "During the relevant time period, a

coworker stated to a similarly-situated employee that he was going too "kill that "N" Williams: (d_

during the relevant time period, a supervisor told s similarly-situated worker, "It is the first of the

month; the "N" and/older "N" must be at the welfare office. " During the relevant time period, a

supervisor was present and laughed when a coworker stated: If you put "N" lover with me, I am

going to put him on the roof a throw him off the garage."

41) During the relevant time period, Williams also was the subject to harassing conduct that resulted in

physical harm to Williams and his property. For an example January 2020, Williams severely

injured his Cervical area after an incident in which he alleges that a coworker may have place

Ramen Noodles in his personal microwave and left it unattended. Williams was dismantling the

table and chair from his office as Williams alleged that he was force to resign. (a) On that same day

Williams returned to his parked motor vehicle and when he returned he noticed a scratch at or near his right rear wheel well

42) During the relevant time period. From June 2019 to February 2020, due to hostile treatment Williams started to experience a sharp pain in the center of his stomach, causing Williams deep embed stressed to his nervous system. (a)Williams sustained an injury to his cervical system while retrieving the microwave from the floor area/table. (b) Williams requested to file a Workers Compensation claim to no avail. Defendant "FL" alleged that he sent it to him previously. (c) prior to Williams resignation, Williams had to work from home and/or asked not to report to work on that day by the defendant "FL", when Will requested  that his wage payment be sent to his home or should he have someone pick up the payment, his request was denied.(d) When William notified defendant "FL" that he has not received his wage payment, Williams never received a mere reply.(e) it should be note noted that Williams did not received his wage payment until 11-days after the pay period. (f) January 2020, right before a holiday Williams requested that his wage payment be sent to him over night, however again this payment was not received until 10-days later,. When Williams questioned defendant "KG" she advise it would be received the next day this was a complete fabrication, as the payment was not received unil3-days later.

43) During a relevant time period, Williams and similarly-situated employees also were treated differently than coworker of a different national origin. For example, Williams was denied three days of bereavement leave to attend his mother in-law funeral, (a) as permitted under the collective agreement, (b) while a white coworker was permitted such leave to attend a funeral; (c) however Williams had to use vacation time; while in the funeral procession, Williams received a telephone call from defendant "AM" demanding information on a particular claim, when Williams attempted explain that he was at a funeral, defendant "AM" disregard the conversation and continue requesting

11

the information, Williams finally advise defendant "AM" that he will contact him once the procession stopped.

44) During a relevant time period December 2019; Williams was treated differently, when he was suspended (4) individual times allegedly to a follow up investigation, which defendant "FL" advised Williams, that he found that Williams' remarks were innocent of the accusation lodged against Williams, (a) however no corrective action was given to the other party who according to defendant "FL" that this coworker threaten the life and person of Williams

45) On numerous occasions from October 2018 to January 2020, Williams and similarly-situated employees complained and/or attempted to complain about national origin discrimination and harassment to ARC supervisor, however that supervisor advised that whoever reported the incident to defendant "FL" would be terminated immediately and their unemployment claim will be opposed. (a) It is alleged that defendant "FL" a gambler. (b) **Williams was informed by a coworker that defendant "FL" made a wager that he can ge Williams to resign before**

46) In February 2020 Williams decided to tender his resignation as he was emotional defeated from the creation of the hostile work environment and components of discrimination inflicted upon Williams at the hands of (FL and KG)

   a)   as a limited example of the infliction inflicted upon Williams, FL allowed a former co-worker family member to inform him that they ware on the way to cause Williams bodily harm, etc.

   b)   FL, did not take any disciplinary action against the former co-worker, she was allowed to keep her position.

   c)   As another example (KG) directed Williams an exempt employee to report to her his going

12

and coming, i.e. when Williams report to work I in the office for any given day, moreover Williams was further directed to report when he was schedule to leave for the day.

d)     In furtherance (KG) directed Williams that he was not allow to leave his office.

e)     It is further alleged that (KG) directed Williams' fellow team mates not to have any conversation with him, nor they were not allow to bring Williams his assignment i.e. new f iles.

     a.   F)    More devastating, it is further alleged that KG refused to pay claimant their settlement payment in a timely manner, which developed into the claimant filing complaints against Williams, etc.

     b.   G)    As another example of the hostile and/or disparity in treatment, In January 2020, during a pay period, Williams was due to come into the office the next day, he received an email advising that his pay check was sent to him over and he should get it the next day. (1) Williams did not receive his pay check until 10-days later. The next pay period in January 2020, KG allegedly mail Williams pay check, however this time his check was not received until February 2020

47)   After Williams resignation was submitted and excepted, When Williams resignation was accepted by FL, which took effect 03-01-2020, Williams was left without words, as he felt that FL would finally sit down and have the conversation concerning the complaint filed against him, this never occur

48)   March 2020, Williams filed an unemployment compensation claim with the State of Pennsylvania via department of labor. Williams alleged

    a) The employer created an hostile work environment

49)  Williams provided an example of his travel time to work from his resident,

 1. Williams would leave his resident in Morgantown, Pennsylvania at approximately 6:30AM, and would driv
  approximately 68-72 miles in heavy traffic in order to arrival at work in Cherry Hill, New Jersey by 8: AM

 2. Williams, in the evening at approximately 5:30 PM, would leave his place of employment in order to
  return home from a work day and travel approximately 68-78 mile and would arrival home at
  approximately 7:30PM in extremely heavy traffic

 3. Williams, further informed unemployment that his ONLY form of  transportation was placed into the shop
  at an approximately $3500.00, and the vehicle was down for approximately 30-days and Williams
  had to rent a vehicle in order to come back and forth to work

50)  February 2020, the day Williams that Williams resignation was accepted, FL accepted however the effective
 day was the last day in February 2020. Fl, agreed to allow Williams to remain at the office and leave at his
 normal time in order to allow Williams to get some help in removing his personal property from his office

51)  Williams returned to his office and continue to complete his work, however at or near 3: PM, Williams
 computer logged him out and he attempted to call IT, (KG) came into his office and advise Williams to leave
 the office now, Williams informed KG that FL allowed him until the end of the day to complete his work and
 that his personal property where due to be taken to his vehicle by one of the younger co—worker, KG, ordere
 Williams to leave NOW.

52)  Williams, started to return the office property, i.e. key and cell-phone

53)  Williams, advise KG that he did want to turn over the key until his personal property has been removed.

54)  KG, Advised Williams that she could carless he had to leave.

55)  Williams attempted to call FL; however he did not answer the phone.

56) Williams advise KG that his personal property ware to be taken to his vehicle by one of the younger co-worke

she advised that the individual would not be in the office until 5: PM, and informed Williams to pick up his

property in the morning, etc.

57) Williams did not want to cause any problem, etc therefore he complied

58) On the next day which was a Saturday, Williams arrival at One Cherry Hill, Cherry, New Jersey to obtain his

personal property. l   The building security office would not allow Williams up-stair to obtain his property as

the building was close to the public and that he did not received authorization from FL or KG to allow me bac

into the building.

59) Williams, left without an incident

60) Williams returned to his vehicle and attempted to call FL to no avail, Williams therefore emailed FL and

indicate the circumstance to him

61) On Monday February 2020, or thereafter FL returned and/or answer Williams email, He inform Williams to l

him know what day and date William wanted to come and get his property

62) Shortly thereafter the Governor of Pennsylvania and New Jersey closed doe both States due to the pandemic

Williams was unable to travel into New Jersey

63) April 2020, Williams email FL and requested a date that he could come and obtain his personal p[property, he

never heard anything from FL

64) Williams from time to time would email FL requesting authorization to come and pickup his personal propert

65) Still no reply from FL Williams emailed FL advising him, that he would file suit for the return of his persona

property, as of this date Williams has not heard anything from FL concerning the return of his personal

property.

66) **April 2020, Williams received notice of compensation**

67) Williams had a telephone interview with the Pennsylvania Unemployment claims investigator

68) May 2020 Williams started to receive his unemployment benefits

69) August 2020, William's unemployment benefits were stopped to no known reason to Williams.

70) August 2020. Williams attempted to reach the unemployment off to no avail

71) August 2020 Williams attempted to reach the unemployment and he was advise to contact the claims examin

72) August 2020, Williams continue to wait for a reply from the unemployment examiner to no avail

73) September 2020, the unemployment claims examiner returned the call of Williams, who informed Williams
   that his claim was being investigated

74) On or about November 5, 2020 Williams received a notice in the mail indicating that the employer has filed a
   appeal via his unemployment compensation, and a hearing has been scheduled for November 12, 2020.

75) November 2020Williams received an email from the employer attorney office, indicating that the
   employer/defendant has withdrawn their appeal.

76) November 12, 2020, The Unemployment referee mailed the plaintiff/Williams a copy of the order of
   withdrawn the employer/defendant appeal.


## 1. <u>FIRST AND FIFTH CAUSE OF CIVIL ACTION</u>

### b.  (Defamation at Common law-Slander, False and Unprivileged Publications, with Fraud)

77) Williams incorporate by this reference all of the allegation contained in paragraphs 1 through 74 from the
   above, and by reference incorporate said allegations as part of this cause of action of Williams' complaint.

78) The defendants FL, KG, ARC and LA, defamatory statements made were in malice, hatred and ill will toward
   by and through their attorney, who willfully, wantonly with pure malice designed to cause Williams to be

16

arrested for filing a false claim for unemployment benefit at least have his benefit stopped to cause Williams financially harm.

79) The defendants through their attorney file an appeal to prevent Williams from getting his benefits by averting that they had NO knowledge of the claims Williams was presenting.

1) The defendant plan was not to serve Williams a copy of the appeal and/or their motion file with the Unemployment Employment Compensation.

2) The defendant and each of them knew that they had reasonable knowledge of Williams claims

3) The defendant knew and/or should have known that Williams Unemployment benefits were STSPPED during a pandemic and that Williams' wife recently passed away in February 2020.

4) Williams unemployment was terminated based solely upon the misrepresentation contained in their motion/appeal

5)  Williams's unemployment benefits were terminated approximately July 2020. And was not reinstated until July 2021

6) The Plaintiff is entitled to recover compensatory damages normal damages and damages for emotional distres resulting from defendants wanton, willful and malice defamation, slander and fraud

7) The defendants conduct was engaged in with malice or reckless disregard for the plaintiff's rights. Accordingly, punitive damages are warranted

## PRAYER FOR RELIEF.

**WHEREFORE**: Plaintiff Williams hereby prays for judgment against defendants on COUNT ONE CAUSE OF ACTION:.

    a.  Economic damages for past lost of wages and benefits, including the value of equity incentives, in an amount to be proven at trial;

    b.  Liquidated damages pursuant to statute;

    c.  Damages for emotional distress and humiliation in an amount to be proven at trial;

    d.  Punitive damages in an amount to be proven at trial;

    e.  Prejudgment interest;

    f.  Attorneys; fee and costs pursuant to statute; and

g. For such other relief as the Court may deem just and proper

## JURY TRIAL DEMAND

Plaintiff/Williams demand a trial by jury of all issues Triable by jury in this action.

## COUNT TWO, THREE AND FOUR: DAMAGE FOR PERAONSL PROPERTY

## AGAINST DEFENDANT KG AND FL

78) Williams incorporate by this reference all of the allegation contained in paragraphs 1 through 77 from the

above, and by reference incorporate said allegations as part of this cause of action of Williams' complaint

80) The defendants FL, KG, ARC and LA, defamatory statements made were in malice, hatred and ill will toward

by and through their attorney, who willfully, wantonly with pure malice designed to cause Williams and refus

to return Williams's personal property, their refusal return his property cause Williams financially harm.

81) Williams on various occasions through the year Williams beseeched the defendants Fl to allow him and/or

his represent to come and obtained his personal property each to no avail, even after FL requested

Williams to notify his before he came for same, therefore

82) Williams demand the return replacement, and/or compensate Williams for his personal property in the care an

control of his former employer in February 2020 to wit ;

a. Acer laptop computer
b. Vari standing desk
c. Dehumidifier
d. DC disk player

18

  e. North Field 2-pccounter high dining set

  f. Other misc articles

83) The record will show that Williams off and on requested to have his personal property return to him each to n

  avail

84) Moreover, the record will show that defendant KG refused to allow Williams to remain at his station until hel

  came in at 5: PM to render Williams assistance in removing his personal property from the company location

85) Williams, injured his right should while working at ARC and was unable to remove same without assistance,

Therefore;

## PRAYER FOR RELIEF.

**WHEREFORE**: Plaintiff Williams hereby prays for judgment against defendants on COUNT TWO, THREE AN

FOUR CAUSE OF ACTION:.

  a. Economic damages for past lost of wages and benefits, including the value of equity incentives, in an

   amount to be proven at trial;

  b. Liquidated damages pursuant to statute;

  c. Damages for emotional distress and humiliation in an amount to be proven at trial;

  d. Punitive damages in an amount to be proven at trial;

  e. Prejudgment interest;

  f. Attorneys; fee and costs pursuant to statute; and

  g. For such other relief as the Court may deem just and proper

## JURY TRIAL DEMAND

## COUNT FIVE:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST

19

86)     Williams incorporate by this reference all of the allegation contained in paragraphs 1 through 77 from the

above, and by reference incorporate said allegations as part of this cause of action of Williams' complaint

87)     The defendants FL, KG, ARC and LA, defamatory statements made were in malice, hatred and ill will

toward by and through their attorney, who willfully, wantonly with pure malice designed to cause Williams to be arreste

for filing a false claim for unemployment benefit at least have his benefit stopped to cause Williams financially harm.

88)     This complaint will not disavow any federal cause of action. "Each specific allegation and count throughou

this complaint goes on to plead claims exclusively and expressly under Pennsylvania Law and New Jersey.

89)     Williams alleges that each one of the defendant act against Williams caused him to seek medical treatment

for his emotional distress inflicted upon him the each of the named defendant its

90)     As fully explained throughout this complaint

## PRAYER FOR RELIEF.

**WHEREFORE**: Plaintiff Williams hereby prays for judgment against defendants on COUNT ONE CAUSE OF
ACTION:.

    a.  Economic damages for past lost of wages and benefits, including the value of equity incentives, in an
        amount to be proven at trial;

    b.  Liquidated damages pursuant to statute;

    c.  Damages for emotional distress and humiliation in an amount to be proven at trial;

    d.  Punitive damages in an amount to be proven at trial;

    e.  Prejudgment interest;

    f.  Attorneys; fee and costs pursuant to statute; and

    g.  For such other relief as the Court may deem just and proper

## JURY TRIAL DEMAND

20

Plaintiff/Williams demand a trial by jury of all issues Triable by jury in this action.

**Respectfully submit this on this 4th day of November 2021**

**Mark A. Williams, pro se**
**for the plaintiff**
**P.O. Box 309**
**Morgantown, Pennsylvania 19543**
**484-796-3257**

21

## CERTIFICATION IN LIEU OF OATH OR AFFIDAVIT

I, Mark A. Williams, pro se, hereby certify that the above within information is true and correct to the best of my

limited ability, and knowledge and/or understanding, under possible penalty of law.

Respectfully submitted on this date the 4th day of November 2021

Mark A. Williams, pro se
for the plaintiff
P.O. Box 309
Morgantown, Pennsylvania 19543
215-356-0532

22

## CERTIFICATION INLIEUOFOATHOR AFFIDAVIT

I, Mark A. Williams, prose, hereby certify that the above within information is true and

correct to the best of my limited ability, and knowledge and/or understanding, under possible

penalty of law.


Respectfully submitted on this date the 4th day of November 2021


_____

**Mark A. Williams, prose**
**for the plaintiff**
**P.O. Box 309**
**Morgantown, Pennsylvania 19543**
**215-356-0532**