EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK A. WILLIAMS, SR., :<br>: CIVIL ACTION<br>Plaintiff, :<br>: NO.: 5:21-cv-05590-JMG<br>v. :<br>:<br>FRANK LOFTUS, Individually and :<br>Separately; and LOFTUS ADJUSTMENT :<br>Individually, and Separately; and KELLY :<br>GOBLIN, Individually, and Separately; :<br>DOES 1 through 9, :<br>:<br>Defendants. : | |

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION FOR LEAVE TO FILE UNDER SEAL**

**I.     INTRODUCTION**

Defendants Frank Loftus, Loftus Adjustment Service Inc. d/b/a ARC Claims Management, and Kelly Giblin ("Defendants"), move for leave to file under seal their Motion to Dismiss Plaintiff Mark A. Williams, Sr.'s ("Plaintiff") Complaint ("Motion") because the Motion relies heavily upon (and seeks to attach as an exhibit) a confidential settlement agreement entered into between the parties in a prior matter.

**II.    STATEMENT OF THE QUESTION INVOLVED**

Should the Motion of Defendants to Dismiss Plaintiff's Complaint be filed under seal when the Motion relies upon, and includes as an exhibit, a confidential settlement agreement entered into between the parties in a prior matter?

*Suggested Answer: Yes.*

**III.   FACTS**

**A.     General Background**

This action stems from the matter of *Mark A. Williams, Sr. v. Loftus Adjustment Company,*

*et al.* civil action number 1:20-cv-00512-SES, which was previously pending in the United States District Court for the Middle District of Pennsylvania (the "First Action").  The parties executed a "Confidential Settlement Agreement and General Release" on July 16, 2020 ("Confidential Release").  The First Action was voluntarily dismissed on August 5, 2020.

Plaintiff is now asserting many of the same facts and some of the same claims in this action as he raised in the First Action.  In addition, Plaintiff asserts what seems to be a conversion claim, the alleged conduct in support of which arose prior to the execution of the Confidential Agreement.

Because the Confidential Release encompasses and bars all of the claims asserted by Plaintiff in this action, Defendants rely on the Confidential Release and would attach it as an exhibit to Defendants' Motion to Dismiss Plaintiff's Complaint. Defendants are therefore seeking leave to file their Motion to Dismiss under seal or, in the alternative, to file the Confidential Release as an exhibit under seal.

**IV.    ARGUMENT**

Rule 5.1.5 of the Eastern District of Pennsylvania Local Rules of Civil Procedure provides:

(a)     A document in a civil action may be filed under seal only if:

(1)     the civil action is brought pursuant to a federal statute that prescribes the sealing of the record or of certain specific documents; or

(2)     the Court orders the documents sealed.

E.D. Pa. R. 5.1.5.

The filing at issue here should be filed under seal pursuant to R. 5.1.5 because it attaches and refers in the body of its Motion to material in the Confidential Agreement.  In addition, the details of the parties' Confidential Agreement touch upon sensitive matters for each party that are of little importance to the public.  On the other hand, disclosure of the details of the Confidential

Agreement would result in the release of financial information which could be used by opponents of the parties to unfairly paint the parties in a negative light.

"Just as the right of access [to judicial records] is firmly entrenched, so also is the correlative principle that the right of access, whether grounded on the common law or the First Amendment, is not absolute." Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986).  Thus, a trial judge must weigh the public interest in access against the rights of the parties seeking confidentiality.  See id.  The question of whether to seal a court record lies within the discretion of the trial judge.  See id.

Defendants respectfully submit that the balance in this instance weighs heavily towards sealing Defendants' Motion to Dismiss Plaintiff's Complaint.  The sealing would avoid the disclosure of sensitive information in the Confidential Agreement.  If Defendants file an unredacted copy of their Motion to Dismiss Plaintiff's Complaint as a public record, they will be airing to the public the Confidentiality Agreement.  Not only do Defendants attach the document as an exhibit, they rely heavily upon the contents of the Confidentiality Agreement in the body of their Motion.  Accordingly, Defendants request that this Court permit them to file their Motion to Dismiss Plaintiff's Complaint under seal in order to respect the private nature of the Confidential Agreement.

**V.      CONCLUSION**

For all of the foregoing reasons, Defendants Frank Loftus, Loftus Adjustment Service Inc. d/b/a ARC Claims Management, and Kelly Giblin respectfully move this Court for leave to file their Motion to Dismiss Plaintiff's Complaint under seal.  In the alternative, Defendants seek leave to file the Confidential Release as an exhibit under seal.

Respectfully submitted this 30th day of December, 2021,

**KAUFMAN DOLOWICH & VOLUCK, LLP**

By: *Eileen Monaghan Ficaro* (signature)

Gregory S. Hyman, Esq.
Eileen Monaghan Ficaro, Esq.
1600 John F. Kennedy Blvd., Suite 1030
Philadelphia, PA 19103
(215) 501-7002
(215) 405-2973 (facsimile)
ghyman@kdvlaw.com
eficaro@kdvlaw.com
*Counsel for Defendants,*
*Frank Loftus, Loftus Adjustment Service Inc. d/b/a*
*ARC Claims Management, and Kelly Giblin*